UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| Children's Health Defense, *et al.*,<br><br>　　　　　　　　　　　Plaintiffs,<br><br>　v.<br><br>Food & Drug Administration, *et al.*,<br><br>　　　　　　　　　　　Defendants. | Case No. 6:22-cv-00093-ADA-DTG |

**Defendants' Opposition to Plaintiffs' Motion to Stay**

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................ 1

BACKGROUND ................................................................................................................. 2

LEGAL STANDARD ........................................................................................................... 3

ARGUMENT ...................................................................................................................... 4

    I.    5 U.S.C. § 705 does not authorize the relief Plaintiffs seek ........................................ 4

    II.    Plaintiffs also have not clearly established any factor required for relief ............... 6

        A.    Plaintiffs are not likely to establish jurisdiction, much less succeed on the merits ................................................................................................................ 7

        B.    Plaintiffs have not convincingly shown any irreparable injury ........................ 9

        C.    The public interest does not favor depriving all parents of the choice to vaccinate their children against COVID-19 .......................................................... 11

CONCLUSION ................................................................................................................. 12

## INTRODUCTION

The U.S. Food and Drug Administration's emergency use authorization for administration of the Pfizer-BioNTech COVID-19 vaccine to children aged 5 to 11 ("the Pfizer EUA") became effective on October 29, 2021. Nearly six months later (and three months after filing suit), Plaintiffs ask this Court to stay—or more precisely, "suspend"—the Pfizer EUA pending judicial review because its mere existence supposedly threatens irreparable harm. Plaintiffs' request is statutorily and factually unsustainable.

Plaintiffs invoke 5 U.S.C. § 705, which only permits courts to "postpone" an agency action's effective date or "to preserve status or rights" pending judicial review. The plain meaning of "postpone" does not include suspension of an agency action that has been in effect for six months. Also contrary to the statute, Plaintiffs' requested relief would alter, not "preserve," the status quo. Nor are any rights in need of immediate preservation given that Plaintiffs Sacha Dietrich and Deborah Else admittedly exercised the option for their children not to receive the Pfizer EUA vaccine.

Even if Plaintiffs' requested relief could be authorized by 5 U.S.C. § 705, it is not merited under the governing preliminary-injunction factors. As discussed in Defendants' pending motion to dismiss, this case should be dismissed for lack of subject-matter jurisdiction and failure to state a claim upon which relief can be granted. Far from showing a likelihood of success on the merits and irreparable harm, Plaintiffs' submissions with their stay motion underscore the arguments for dismissal.

Dietrich and Else find third-party "advertisements" about the Pfizer vaccine "most bothersome" and objectionable. Such psychic harm is not cognizable, traceable to FDA, or irreparable. Likewise, speculation about hypothetical vaccine mandates or discriminatory practices is insufficient to establish injury. And binding precedent

precludes Children's Health Defense ("CHD") from bootstrapping itself into court via the voluntary expense of filing this suit.

Plaintiffs' failure to establish likely eventual success or irreparable harm cannot be rescued by public interest factors. Quite the contrary is true; the public interest also strongly disfavors extraordinary relief here. By seeking suspension of the Pfizer EUA, Plaintiffs are attempting to impose their preferred views about the vaccine on all American families. But just as Dietrich and Else opted to refuse the vaccine for their children, other American parents are able to choose differently as they navigate the COVID-19 pandemic. Thus, the public interest also favors denying Plaintiffs' motion so that American parents may continue to make their own decisions about whether to vaccinate their children.

## BACKGROUND

The statutory and factual background of this case is set forth in Defendants' pending motion to dismiss. *See* Defs.' Mot., ECF No. 18, at 2–5. Only those details relevant to the disposition of this motion are recited here.

In December 2020, FDA issued an EUA, under 21 U.S.C. § 360bbb-3, for the COVID-19 vaccine manufactured by Pfizer-BioNTech. *See* 86 Fed. Reg. 5200 (Jan. 19, 2021) (initial Pfizer EUA). On October 29, 2021, FDA expanded the scope of the Pfizer EUA to include administration to children aged 5 to 11 years. *See* Ex. 1, Burk Decl., ECF No. 18-2 ("January Letter"), at 7;[1] *see* Compl., ECF No. 1, at ¶ 22. The agency did so only after concluding, "based on the totality of the scientific evidence available, that the

---

[1] The operative EUA on the Complaint's filing date was the January 3, 2022 reissuance. Burk Decl., ECF No. 18-1, at ¶¶ 5–6; *see Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 830 (1989) ("[F]ederal jurisdiction ordinarily depends on the facts as they exist when the complaint is filed."). "[J]udicial notice of publicly-available documents . . . produced by the FDA, which were matters of public record directly relevant to the issue at hand is appropriate." *Yosowitz v. Covidien LP*, 182 F. Supp. 3d 683, 688 (S.D. Tex. 2016) (quotation omitted); *see* Burk Decl. ¶ 6.

2

known and potential benefits of Pfizer-BioNTech COVID-19 Vaccine outweigh the known and potential risks of the vaccine" for those aged 5 through 11 years. January Letter 7; *see generally* Ex. 5, EUA Mem., ECF No. 1, at 178–225. The Pfizer EUA for this population group has remained in effect ever since. *See* January Letter 11.

On January 24, 2022, about three months after the Pfizer EUA was extended to children aged 5 to 11, Plaintiffs filed this suit under the Administrative Procedure Act ("APA"). *See generally* Compl. Another three months after that, on April 15, 2022, Plaintiffs moved under 5 U.S.C. § 705 to "suspend" the Pfizer EUA for 5- to 11-year-olds "pending judicial review of Plaintiffs' complaint." Stay Mem., ECF No. 14, at 14, 20. Defendants have already moved to dismiss the Complaint for lack of subject-matter jurisdiction and failure to state a claim. Defendants now oppose Plaintiffs' stay motion.

## LEGAL STANDARD

"On such conditions as may be required and to the extent necessary to prevent irreparable injury," 5 U.S.C. § 705 permits a "reviewing court . . . to postpone the effective date of an agency action or to preserve status or rights pending conclusion of the review proceedings." In considering a stay request under 5 U.S.C. § 705, the Court applies the preliminary-injunction standard. *See, e.g.*, *State of Colo. v. U.S. EPA*, 989 F.3d 874, 883 (10th Cir. 2021); *Texas v. United States*, 95 F. Supp. 3d 965, 973 (N.D. Tex. 2015). Plaintiffs "must establish that" (1) they are "likely to succeed on the merits," (2) they are "likely to suffer irreparable harm in the absence of preliminary relief," (3) "the balance of equities tips in [their] favor," and (4) "an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The third and fourth factors "merge when the Government is the opposing party." *Nken v. Holder*, 556 U.S. 418, 435 (2009).

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter*, 555 U.S. at 24. It "should not be granted unless" Plaintiffs, "*by a clear showing*, carr[y] the burden of persuasion," *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997), "on all

3

four requirements," *Big Tyme Invs., LLC v. Edwards*, 985 F.3d 456, 464 (5th Cir. 2021).[2] Additionally, "preliminary relief, which goes well beyond simply maintaining the status quo pendente lite, is particularly disfavored, and should not be issued unless the facts and law clearly favor the moving party." *Martinez v. Mathews*, 544 F.2d 1233, 1243 (5th Cir. 1976).

## ARGUMENT

### I. 5 U.S.C. § 705 does not authorize the relief Plaintiffs seek

Before analyzing the preliminary-injunction factors, Plaintiffs must make a threshold showing that 5 U.S.C. § 705 "authorizes the relief" they seek. *Nishihata v. Blinken*, No. CV 21-2173 (CKK), 2021 WL 4476750, at *5 (D.D.C. Sept. 30, 2021). "[T]he remedial powers granted to a reviewing court under this section are in fact extremely limited." *Salt Pond Assocs. v. U.S. Army Corps of Eng'rs*, 815 F. Supp. 766, 775–76 (D. Del. 1993). Section 705's prefatory clause "broadly describes *when* a court is authorized to act under this section (*i.e.*, '*On* such conditions as may be required *and* to the extent necessary to prevent irreparable injury')." *Id.* at 776 (quoting 5 U.S.C. § 705) (emphasis in original). Then, the main clause "narrowly describes the scope of relief the reviewing court is authorized to grant," which is "limited to (1) a postponement of the agency action or (2) a preservation of status or rights of the parties." *Id.*; *see, e.g., Tok Air Serv., LLC v. Haaland*, No. 4:21-CV-0012-HRH, 2021 WL 3271342, at *5 (D. Alaska July 30, 2021). Here, Plaintiffs' requested relief—that the Court "suspend" a portion of the Pfizer EUA that has been effective for nearly six months, Stay Mem. 20—fits neither category.

*First*, section 705 authorizes "a reviewing court . . . to *postpone* the effective date of an agency action." 5 U.S.C. § 705 (emphasis added). "The word 'postpone' means 'to

---

[2] Although Plaintiffs claim "authority is split" about how to apply these factors, Stay Mem. 14, the Fifth Circuit has reiterated they "are conjunctive," *Lake Charles Diesel, Inc. v. Gen. Motors Corp.*, 328 F.3d 192, 203 (5th Cir. 2003); *see, e.g., Big Tyme*, 985 F.3d at 464 (plaintiff must satisfy "all four requirements") (quotation omitted).

4

put off to a later time,' or to 'defer.'" *Ctr. for Biological Diversity v. Regan*, No. CV 21-119 (RDM), 2022 WL 971067, at *21 (D.D.C. Mar. 30, 2022) (quoting *Postpone*, Merriam-Webster Dictionary Online, https://www.merriam-webster.com/dictionary/postpone); *see also Postpone*, Oxford English Dictionary Online (last visited Apr. 19, 2022) ("To put off to the future; to arrange for (an event, etc.) to take place at a later time . . . ."). But once an agency action "has taken effect," the court "can no longer 'put off' the effective date." *Ctr. for Biological Diversity*, 2022 WL 971067, at *21.

Thus, section 705 does not permit a court "to suspend [an agency action] that has already taken effect." *Nat. Res. Def. Council v. U.S. Dep't of Energy*, 362 F. Supp. 3d 126, 151 (S.D.N.Y. 2019); *see, e.g.*, *Becerra v. U.S. Dep't of Interior*, 276 F. Supp. 3d 953, 963–64 (N.D. Cal. 2017) (5 U.S.C. § 705 allows "postpone[ment] of the effective date of a not yet effective [agency action], pending judicial review." (quoting *Safety–Kleen Corp. v. EPA*, 1996 U.S. App. LEXIS 2324, at *2 (D.C. Cir. Jan. 19, 1996)). Plaintiffs' attempt, in this case, to "suspend" a portion of the Pfizer EUA that has been effective for nearly six months runs "contrary to the plain language of the statute." *State of Cal. v. U.S. Bureau of Land Mgmt.*, 277 F. Supp. 3d 1106, 1119 (N.D. Cal. 2017).

*Second*, rather than utilize 5 U.S.C. § 705 "to preserve status" pending review, Plaintiffs actually seek to *alter* the status quo. "At the time [P]laintiff[s] filed" the Complaint on January 24, 2022, "the status quo was that" the Pfizer EUA for children aged 5 to 11 had been in effect since October 29, 2021. *Tok Air Serv.*, 2021 WL 3271342, at *7. "By asking this court to" suspend that long-effective EUA, Plaintiffs are "asking the court to change the status quo." *Id.* But section 705 does not authorize the Court to "belatedly disrupt[]" the status quo, only to maintain it. *State of Cal.*, 277 F. Supp. 3d at 1120; *see Nishihata*, 2021 WL 4476750, at *6 (finding § 705 inapplicable because the requested relief "would not *maintain* the status quo, but would instead alter it") (emphasis in original); *Boansi v. Johnson*, No. 2:14-CV-47-BO, 2014 WL 6883133, at *2 (E.D.N.C. Dec. 3, 2014) (same).

5

Furthermore, suspension of the Pfizer EUA is not "necessary and appropriate . . . to preserve" Plaintiffs' "rights" pending review. 5 U.S.C. § 705. Plaintiffs make cursory mention of the "rights of informed consent, medical freedom, and personal autonomy." Stay Mem. 17. But no Plaintiff claims to lack sufficient information to make a choice about the Pfizer EUA vaccine. *See* Holland Decl., ECF No. 14-1, at 22–23; Dietrich Decl., ECF No. 14-1, at 25–27; Else Decl., ECF No. 14-1, at 29–30. They simply oppose it. And Plaintiffs cite nothing that would deprive them of their option to decline administration of the vaccine. *See* 21 U.S.C. § 360bbb-3(e)(1)(A)(ii)(III); Ex. 2, Burk Decl., ECF No. 18-3 ("Fact Sheet"), at 5 ("there is an option to accept or refuse receiving the vaccine"); *Miller ex rel. Miller v. HCA, Inc.*, 118 S.W.3d 758, 766 (Tex. 2003) (parent's right "not to consent" to their children's medical care); Stay Mem. 13 (acknowledging Texas governor's "executive order prohibiting COVID-19 vaccine mandates"). Indeed, Dietrich and Else have freely "declined" invitations for their children to receive the EUA vaccine. Else Decl., ECF No. 14-1, at 29; *see* Dietrich Decl., ECF No. 14-1, at 26. Because none of Plaintiffs' rights are in need of preservation, 5 U.S.C. § 705 does not "provide[] the authority for the Court to order the relief Plaintiffs seek here." *Nishihata*, 2021 WL 4476750, at *6; *see Comprehensive Cmty. Dev. Corp. v. Sebelius*, No. 12 CIV. 0776 PAE, 2012 WL 738185, at *8 (S.D.N.Y. Mar. 7, 2012) (declining to order relief under 5 U.S.C. § 705, in part, because "it is unclear how the" requested relief "would assist" plaintiff).

## II. Plaintiffs also have not clearly established any factor required for relief

Even if 5 U.S.C. § 705 could authorize a judicial suspension of the Pfizer EUA in effect since last October, Plaintiffs still must clearly satisfy every required factor under the preliminary-injunction standard. *See, e.g., Big Tyme Invs.*, 985 F.3d at 464. They fall far short of that mark.

### A. Plaintiffs are not likely to establish jurisdiction, much less succeed on the merits

No court may issue a preliminary injunction without first determining "whether it ha[s] jurisdiction." *Enter. Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 471 (5th Cir. 1985); *Nat'l Football League Players Ass'n v. Nat'l Football League*, 874 F.3d 222, 229 (5th Cir. 2017) (vacating preliminary injunction because district court "lacked subject matter jurisdiction when [injunction] issued"). As explained in Defendants' pending motion to dismiss, the Court lacks jurisdiction because no Plaintiff has standing and no waiver of sovereign immunity applies. *See* Defs.' Mot. 6–15. Plaintiffs' stay motion does nothing to refute the sovereign immunity bar to their claims, while underscoring their lack of standing.

Dietrich and Else supposedly fear "an 'imminent risk of immediate harm' to their children if they were to receive the Pfizer vaccine." Defs.' Mot. 7 (quoting Compl. ¶¶ 6–7). Yet consistent with the Pfizer EUA's voluntary nature, both have simply "declined" to vaccinate their children. Else Decl., ECF No. 14-1, at 29; *see* Dietrich Decl., ECF No. 14-1, at 26. Plaintiffs also acknowledge that the governor of Texas has issued an "executive order prohibiting COVID-19 vaccine mandates." Stay Mem. 13. Against those facts, they offer only speculation that the law might change and a vaccine mandate "take hold in Texas," or that an unvaccinated child might somehow face differential treatment in various settings. Dietrich Decl., ECF No. 14-1, at 27; *see also infra* p. 10 (addressing Plaintiffs' speculation about hypothetical, future coercion). Such "remote possibilit[ies] of harm" fail standing's "imminence requirement," *Tenth St. Residential Ass'n v. City of Dall.*, 968 F.3d 492, 501 (5th Cir. 2020), and, in any event, would be traceable to independent third-party actions, not FDA, *see* Defs.' Mot. 9.

Otherwise, Dietrich and Else reiterate their disagreement with "pro-vaccine marketing" and "recommendations" by physicians, schools, "big box stores," and various media outlets. Dietrich Decl., ECF No. 14-1, at 26; Else Decl., ECF No. 14-1, at

7

29. But their mere exposure to disagreeable information in the world is neither a concrete nor a cognizable injury. *See* Defs.' Mot. 9; *see also Hein v. Freedom From Religion Found.*, 551 U.S. 587, 634 (2007) (Scalia, J., concurring) ("mental angst" generally not a cognizable injury); *MainStreet Org. of Realtors v. Calumet City*, 505 F.3d 742, 745 (7th Cir. 2007). Also, the allegedly offensive messages appear to be those of independent third parties—*not* FDA—which defeats standing. *See* Defs.' Mot. 9.

Although CHD must show a "concrete and demonstrable injury to [its] activities," *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 379 (1982), its president and general counsel provides nothing more than a "[t]hreadbare recital[] of the" standard for organizational standing, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see* Holland Decl., ECF No. 14-1, at 23 (group "has incurred substantial costs from the diversion of essential resources"). And the only somewhat specific cost mentioned in the briefing—"the marketing and expense of this action," Stay Mem. 19—is "insufficient to impart standing upon the organization" under binding precedent, *Ass'n for Retarded Citizens of Dall. v. Dall. Cty. Mental Health & Mental Retardation Ctr.*, 19 F.3d 241, 244 (5th Cir. 1994); *see Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 107 (1998) ("[A] plaintiff cannot achieve standing to litigate a substantive issue by bringing suit for the cost of bringing suit."); Defs.' Mot. 10–11.

Even if Plaintiffs could show standing and an applicable waiver of sovereign immunity, they remain unlikely to succeed on the merits of their APA claim. The motion advances only three merits arguments: (1) no "emergency" exists to justify the Pfizer EUA; (2) the EUA denies "the informed consent rights of children and their parents"; and (3) the EUA somehow "chang[ed] the definition of vaccine." Stay Mem. 16. The first and third arguments are addressed and refuted in Defendants' motion to dismiss. *See* Defs.' Mot. 16–18. The second argument too is meritless. Contrary to Plaintiffs' naked assertion, FDA publicly explained its evaluation of the benefits and risks (both known and unknown) of the Pfizer vaccine, as well as an individual's option

8

to "refuse administration of the product." 21 U.S.C. § 360bbb-3(e)(1)(A)(ii)(II)–(III). *Compare* Stay Mem. 17, *with* January Letter, *and* EUA Mem., ECF No. 1, at 178–225, *and* Fact Sheet 5. Plaintiffs may be opposed to the Pfizer EUA vaccine, but they do not purportedly lack sufficient information to make a choice about it. *See, e.g.*, Else Decl., ECF No. 14-1, at 30 ("I have been following much of the scientific evidence and research about Covid-19, available treatments for it, and the emergence of the new Covid-19 shots from early on during the pandemic.").

Preliminary relief "should never issue if there is no chance that the movant will eventually prevail on the merits." *State of Tex. v. Seatrain Int'l, S.A.*, 518 F.2d 175, 180 (5th Cir. 1975). Lacking standing, an applicable sovereign-immunity waiver, and a plausible APA claim, Plaintiffs cannot prevail on the merits. That failure alone "is fatal to [their] claim for" relief under 5 U.S.C. § 705, so the Court "need not address the three remaining prongs of the test." *Lake Charles Diesel*, 328 F.3d at 203.

### B. Plaintiffs have not convincingly shown any irreparable injury

Should the Court reach the irreparable injury factor, it too is unmet. "[I]rreparable harm must be proven separately and convincingly." *White v. Carlucci*, 862 F.2d 1209, 1212 (5th Cir. 1989). A mere "possibility of irreparable harm," *Winter*, 555 U.S. at 22, and a "[s]peculative injury [are] not sufficient," *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985). Plaintiffs fail to convincingly show they will suffer any irreparable harm before "a judgment is rendered." *Nichols v. Alcatel USA, Inc.*, 532 F.3d 364, 378 (5th Cir. 2008); *see* 5 U.S.C. § 705 (authorizing relief only when "necessary to prevent irreparable injury . . . pending conclusion of the review proceedings").

For starters, "[a] delay in seeking a preliminary injunction of even only a few months . . . militates against a finding of irreparable harm." *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1248 (11th Cir. 2016). It "is well-established that" such a delay demonstrates "there is no apparent urgency to the request for injunctive relief."

9

*Gonannies, Inc. v. Goupair.Com, Inc.*, 464 F. Supp. 2d 603, 609 (N.D. Tex. 2006) (quotation omitted). Here, Plaintiffs waited 169 days—nearly 6 months—after the Pfizer EUA became effective for children aged 5 to 11 before filing this motion. Because they offer no "justification for the delay," *Wreal*, 840 F.3d at 1248, it alone precludes any finding of irreparable harm, *see, e.g., id.* at 1248–49 (affirming denial of preliminary injunction where plaintiff "failed to offer any explanation for its five-month delay"); *Boire v. Pilot Freight Carriers, Inc.*, 515 F.2d 1185, 1193 (5th Cir. 1975) (same, where party "waited three months before petitioning the district court for temporary relief").

In any event, "an extraordinary remedy," *Winter*, 555 U.S. at 24, is not "necessary," 5 U.S.C. § 705, to address Plaintiffs' asserted harms. "[M]ost bothersome of all," Plaintiffs declare, "is the constant discussion about the Covid-19 shots in TV ads, over loud speakers in big box stores," as well as "on the radio" and television. Else Decl., ECF No. 14-1, at 29; *see* Dietrich Decl., ECF No. 14-1, at 26. Far from irreparable, Plaintiffs "may effectively avoid further bombardment of their sensibilities simply by averting their eyes" and ears. *Consol. Edison Co. of N.Y. v. Pub. Serv. Comm'n of N.Y.*, 447 U.S. 530, 542 (1980) (internal quotation omitted). Speculation and "unfounded fear[s]," *Holland Am.*, 777 F.2d at 997, about future "pressure and coercion to receive the vaccine to participate in society," Stay Mem. 13, also will not suffice. Nor does "the marketing and expense of this action" to CHD, Stay Mem. 19, because "litigation expense, even substantial and unrecoupable cost, does not constitute irreparable injury," *Renegotiation Bd. v. Bannercraft Clothing Co.*, 415 U.S. 1, 24 (1974). "[R]elief under [section] 705, at a minimum, requires a showing of 'irreparable harm,'" but Plaintiffs have "not made that showing here." *Cigar Ass'n of Am. v. U.S. FDA*, No. 1:16-CV-01460 (APM), 2020 WL 5231335, at *3 (D.D.C. Sept. 2, 2020).

### C. The public interest does not favor depriving all parents of the choice to vaccinate their children against COVID-19

Lastly, "courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction." *Winter*, 555 U.S. at 24. "In litigation involving the administration of regulatory statutes designed to promote the public interest," like 21 U.S.C. § 360bbb-3, "this factor necessarily becomes crucial." *Va. Petroleum Jobbers Ass'n v. Fed. Power Comm'n*, 259 F.2d 921, 925 (D.C. Cir. 1958).

Plaintiffs solely argue that "[i]t is in the public interest that those seeking vaccines receive accurate, truthful, complete information, and that they give informed consent or informed refusal." Stay Mem. 19–20. FDA does not disagree. The agency undertook great efforts to analyze the benefits and risks of the Pfizer vaccine, and then publish in detail the basis for its findings on its website. *See* January Letter; EUA Mem., ECF No. 1, at 178–225. It also required that a fact sheet be made available to all potential vaccine recipients and their caregivers, which summarizes the relevant information, explains how to learn more, and ultimately confirms that "there is an option to accept or refuse receiving the vaccine." *See generally* Fact Sheet. In short, FDA has taken significant measures to ensure American parents may make a fully informed choice for their children about vaccination.

Declining to vaccinate their children, Plaintiffs face no "threatened injury" from the Pfizer EUA's existence. *Valley v. Rapides Par. Sch. Bd.*, 118 F.3d 1047, 1051 (5th Cir. 1997). Their non-injury does not "outweigh[] any harm that may result from the" suspension of the Pfizer EUA, and the relief they seek would in fact "undermine the public interest." *Id.* Suspension of the Pfizer EUA would deny all American parents the ability to choose whether to vaccinate their children. *See Bianco v. Globus Med., Inc.*, No. 2:12-CV-00147-WCB, 2014 WL 1049067, at *12 (E.D. Tex. Mar. 17, 2014) (finding, on request to remove medical "products from the market," that "the public interest factor weighs

11

significantly in favor of denying injunctive relief" so physicians have the "products available to them as an option").

While Plaintiffs' children "may remain unvaccinated at their own risk, the balance of equities and public interest do not require [D]efendants to allow [P]laintiffs to spread that risk" to all families. *Bauer v. Summey*, No. 2:21-CV-02952-DCN, 2021 WL 4900922, at *19 (D.S.C. Oct. 21, 2021). The Pfizer EUA "promot[es] a strong public interest—combatting the spread of COVID-19." *Id.*; *see Roman Cath. Diocese of Brooklyn v. Cuomo*, 141 S. Ct. 63, 67 (2020) (per curiam) ("Stemming the spread of COVID–19 is unquestionably a compelling interest."). That interest is best served by maintaining the status quo—*i.e.*, each parent enjoys the "option to accept or refuse" for their child to receive the Pfizer EUA vaccine.

## Conclusion

For the foregoing reasons, the Court should deny Plaintiffs' motion to "suspend" the Pfizer EUA pending judicial review.

| | |
|---|---|
| April 29, 2022 | Respectfully submitted, |
| Of Counsel: | Brian M. Boynton<br>Principal Deputy Assistant Attorney General |
| Daniel Barry<br>Acting General Counsel<br>U.S. Department of Health and Human Services | Arun G. Rao<br>Deputy Assistant Attorney General |
| Mark Raza<br>Chief Counsel | Gustav W. Eyler<br>Director |
| Wendy Vicente<br>Acting Deputy Chief Counsel, Litigation | Hilary K. Perkins<br>Assistant Director |

| | |
|---|---|
| JAMES ALLRED | /s/ James W. Harlow |
| Associate Chief Counsel | JAMES W. HARLOW |
| Office of the Chief Counsel | Senior Trial Attorney |
| U.S. Food and Drug Administration | Consumer Protection Branch |
| 10903 New Hampshire Ave. | Civil Division |
| White Oak 31, Room 4564 | U.S. Department of Justice |
| Silver Spring, MD  20993-0002 | P.O. Box 386 |
| | Washington, DC  20044-0386 |
| | (202) 514-6786 |
| | (202) 514-8742 (fax) |
| | james.w.harlow@usdoj.gov |